IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| ANGEL LAMB, | § | |
| --- | --- | --- |
|    *Plaintiff,* | § | |
| | § | Civil Action No.: 12-cv-00159 |
| vs. | § | |
| | § | |
| SAM HOUSTON STATE UNIVERSITY, | § | |
|    *Defendant.* | § | |

**DEFENDANT SAM HOUSTON STATE UNIVERSITY'S
ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Sam Houston State University hereby files its original answer to Plaintiff's First Amended Original Complaint.

**ADMISSIONS AND DENIALS**

All references to paragraphs are to Plaintiff's First Amended Complaint.

1. Defendant cannot admit or deny the allegations in paragraph 1 because discovery has not been initiated or completed.

2. Defendant admits that Sam Houston State University is a state entity and that it was properly served with process, as alleged in paragraph 2.

3. Defendant admits that this Court has jurisdiction to hear this lawsuit, as alleged in paragraph 3.

4. Defendant admits that venue is proper, as alleged in paragraph 4.

5. Defendant admits that this is an action brought under Title VII, as alleged in paragraph 5.

6. Defendant cannot admit or deny the allegations in paragraph 6 in that Defendant has not yet obtained the official copies of the EEOC file from the Equal Employment Opportunity Commission.

7. Defendant admits that Plaintiff has been employed with Defendant for almost 22 years, as alleged in paragraph 7.

8. Defendant cannot admit or deny the allegations in paragraph 8, in that investigation into Plaintiff's claim is ongoing.

9. Defendant denies that Plaintiff was "promoted" to the position of Human Resources Assistant from a clerk's position, as alleged in paragraph 9. Plaintiff was transferred to the Human Resources Department from the Contracts and Grants Department at which time her position changed.

10. Defendant admits in part and denies in part the allegations in paragraph 10. Ted Michael passed away in December 2008 after which David White was made interim director of the Human Resources Department.

11. Defendant denies that Cynthia Bennett was Plaintiff's immediate supervisor, as alleged in paragraph 11. Initially, Plaintiff reported to Joelle Olmstead and later Plaintiff was supervised by Cindy Bradfield.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant admits that Plaintiff received a poor performance review in February 2009, but denies that the review caused her to be denied a raise, as alleged in paragraph 15. Defendant cannot admit or deny the remaining allegations because Defendant's investigation into these allegations is ongoing.

16. Defendant admits in part and denies in part the allegations in paragraph 16. Defendant admits that both Joelle Olmstead and Jenny Zimont are white employees

who received pay increases based on their annual review with a September 1, 2009 effective date. Zimont's increase was due to being promoted from HR Manager to Senior HR Manager. Plaintiff received an annual increase effective September 1, 2009 to cover an increase in health insurance costs from the State.

17. Defendant admits that in June 2009 Plaintiff received a poor performance review, but denies that the review caused her to be denied a raise, as alleged in paragraph 17. Defendant also denies that only employees outside of Lamb's protected class received raises.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant admits that Plaintiff filed an internal grievance on April 21, 2010, as alleged in paragraph 21.

22. Defendant admits that Plaintiff was given a written warning for "releasing privileged information," as alleged in paragraph 22, but denies that there was no known policy regarding the impropriety of such action.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies that work conditions are "demeaning" as alleged in paragraph 27, but cannot admit or deny the remaining allegations because discovery has not been initiated or completed.

28. Defendant cannot admit or deny paragraph 28.

29. Defendant admits that Plaintiff was an employee of Defendant's for purposes of Title VII, as alleged in paragraph 29.

30. Defendant admits that it was an employer for purposes of Title VII, as alleged in paragraph 30.

31. Defendant admits that Plaintiff is black and a member of a protected class because of her race as alleged in paragraph 31.

32. Defendant cannot admit or deny the allegations in paragraph 32 because discovery has not been initiated or completed.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant cannot admit or deny the allegations in paragraph 35.

36. Defendant admits that Plaintiff was an employee of Defendant's for purposes of Title VII, as alleged in paragraph 36.

37. Defendant admits that it was an employer for purposes of Title VII, as alleged in paragraph 37.

38. Defendant admits that Plaintiff is black and a member of a protected class because of her race, as alleged in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant cannot admit or deny the allegations in paragraph 42.

43. Defendant admits that Plaintiff engaged in protected activities by raising a complaint to management about conduct that she perceived as racial discrimination, and by filing a complaint of discrimination with the EEOC, as alleged in paragraph 43.

44. Defendant admits the allegations as alleged in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant cannot admit or deny the allegations in paragraph 47 in that it is a statement of law not fact, but to the extent it can, Defendant denies the allegations.

48. Defendant cannot admit or deny the allegations in paragraph 48 in that it is a statement of law not fact, but to the extent it can, Defendant denies the allegations.

49. Defendant cannot admit or deny the allegations in paragraph 49 in that it is a statement of law not fact, but to the extent it can, Defendant denies the allegations.

50. Defendant denies that exemplary damages are available from a state entity. *See* 42 U.S.C.A. § 1981a (b)(1)(" A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."); *see also Bates v. University of Tex. Medical Branch,* 425 F.Supp.2d 826, 840 (S.D.Tex. 2003)("Defendants correctly point out, however, that Title VII clearly precludes punitive damage awards against governments, government agencies, and political subdivisions."). Defendant cannot admit or deny the remaining allegations in paragraph 50 because discovery has not been initiated or completed.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

**AFFIRMATIVE DEFENSES**

53. Defendant asserts the defense of Eleventh Amendment immunity to the fullest extent applicable to any and all claims, including attorney's fees and punitive damages, against it to which that defense may apply.

54. Defendant asserts the defense of limitations to the fullest extent applicable to any and all claims asserted by Plaintiff.

55. Defendant asserts that Plaintiff has failed to mitigate her damages; if any.

56. Defendant asserts that Plaintiff's claims are barred, in whole or in part, because any alleged adverse employment action suffered by Plaintiff was because of a legitimate, non-discriminatory reason.

57. Defendant asserts that Plaintiff's alleged losses and damages, if any, are the result of, and directly related to Plaintiff's own conduct, actions, and/or failure to act, and not of Defendant's conduct, actions, or failure to act.

58. All actions taken by Defendant with respect to Plaintiff were justified, performed in good faith, and without malice.

59. Defendant invokes the applicable limitations on damages set out in 42 U.S.C.A. § 1981a (b)(3).

60. Defendant reserves the right to assert additional affirmative defenses at a later date as such defenses become known to Defendant throughout the course of litigation.

## PRAYER

Defendant prays that Plaintiff's claims be dismissed with prejudice and that she take nothing by way of this action. Defendant further prays that all costs be taxed and adjudged against Plaintiff and that the Court grants Defendant all other relief, both general and special, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for
Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

/s/Ana Marie Jordan
**ANA MARIE JORDAN**
Texas Bar No. 00790748
Southern District No. 24125
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
Email: Ana.Jordan@texasattorneygeneral.gov

***Attorneys for Defendant***

## NOTICE OF ELECTRONIC FILING

I hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas.

/s/ Ana Marie Jordan
**ANA MARIE JORDAN**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and forgoing **Defendant Sam Houston State University's Original Answer and Affirmative Defenses** has been served by email on this 19th day of March, 2012, addressed to:

Jo Miller
Attorney for Plaintiff
505 North Main
Conroe, Texas 77301
Email: jmiller@jomiller.com

/s/ Ana Marie Jordan
**ANA MARIE JORDAN**
Assistant Attorney General